IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CALVIN TYRELL LESTER,** | CASE NO. 1:24 CV 1296 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **PAROLE OFFICER RYAN WYPASEK,** | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

### I. INTRODUCTION

*Pro se* Plaintiff Calvin Lester, an inmate in the Lorain Correctional Institution, filed this action against Parole Officer Ryan Wypasek ("Defendant"). (ECF No. 1). Plaintiff contends that, during his transport from the Trumbull Correctional Camp to the Lorain Correctional Institution, Defendant would not stop the van to allow Plaintiff to get out and urinate in a public restroom. (*Id.* at PageID #3–4). Plaintiff does not specify a legal claim he is asserting. He seeks $80,000.00 in damages to pay for a healthy kidney and Plaintiff's hospital bills. (*Id.* at PageID #5).

### II. BACKGROUND

Plaintiff indicates he was diagnosed with kidney disease in 2023. (*Id.* at PageID #3). At that time, his kidney Glomerular Filtration Rate (GFR) was measured at 17%. (*Id.*). He alleges that, sometime after his arrival at the Lorain Correctional Institution, his GFR level was measured at 7%. (*Id.*).

Plaintiff alleges that Defendant transported him from the Trumbull Correctional Camp to the Lorain Correctional Institution. (*Id.*). Plaintiff claims that, during the trip, he needed to urinate

1

and brought this to Defendant's attention. (*Id.* at PageID #4). Plaintiff purportedly informed Defendant of his kidney disease and asked him to stop the van and allow him to use a public restroom. (*Id.*). He asserts that Defendant refused to stop the vehicle, causing Plaintiff to urinate on the floor of the van. (*Id.*). Plaintiff alleges that being forced to hold his urine caused further damage to his kidneys. (*Id.*).

### III. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading

standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## IV. DISCUSSION

Although Plaintiff does not identify a particular legal claim, it is possible that he is attempting to assert a claim under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). It protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Moreover, a prisoner may not be denied "the minimal civilized measure of life's necessities" during his incarceration. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Indeed, "routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society[.]" *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347). Even then, however, a prison official may not display a "deliberate indifference to serious medical needs." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true,

3

establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253–55 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

In this case, Plaintiff's complaint does not allege that Defendant knew about Plaintiff's medical condition prior to Plaintiff's statements during the prison transport such that he could be deliberately indifferent to Plaintiff's medical needs. Although Plaintiff tried to communicate his medical needs to Defendant, there are no allegations in the complaint suggesting Defendant knew, if he did not permit Plaintiff to use the restroom, Plaintiff's medical condition would decline.

The Court also notes that, without prior knowledge of Plaintiff's condition, Defendant may have chosen not to stop due to the security risk posed by permitting Plaintiff to leave the transport van and visit a public restroom. Although the Court sympathizes with Plaintiff—an inmate with apparent kidney disease forced to urinate on the floor of a transport van—there is no suggestion that Defendant knew or should have known that a brief delay in urination could further damage Plaintiff's kidneys. The Complaint fails to suggest that Defendant was deliberately indifferent to Plaintiff's serious medical needs.

## V. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:  October 17, 2024**

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**